NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 09-4498

———

ALYSON J. KIRLEIS,

Appellant.

v.

DICKIE, McCAMEY & CHILCOTE, P.C.

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-06-cv-01495)
District Judge:  Hon. Arthur J. Schwab

———

Submitted under Third Circuit LAR 34.1(a)
on July 13, 2010

Before: FUENTES, ALDISERT, and ROTH, Circuit Judges.

(Opinion Filed: July 15, 2010)

———

O P I N I O N

———

**ROTH**, Circuit Judge:

Alyson J. Kirleis appeals from the District Court's order granting summary

judgment to Dickie, McCamey & Chilcote, P.C. (DMC) on the issue of whether Kirleis is

an employer or employee of DMC.  We exercise plenary review over a district court's

decision to grant summary judgment. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).[1]  We will affirm the District Court's order.

We assume the parties' familiarity with the factual and procedural history, which we describe only as necessary to explain our decision.  Kirleis has worked as an attorney at DMC, a Pittsburgh-based law firm, for over twenty years and has been a Class A Shareholder-Director for the last eight years.  In November 2006, Kirleis filed a complaint against DMC alleging that she was paid less than her male counterparts, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Equal Pay Act, 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. § 951, *et seq.*  DMC moved to dismiss Kirleis's complaint on the basis that she was not an employee of DMC, but, rather, an employer and as such was outside the protection of the employment discrimination laws.  The United States District Court for the Western District of Pennsylvania denied DMC's motion.  After discovery, DMC moved for summary judgment on the same grounds, and the District Court granted the motion.

To determine whether a shareholder-director of a professional corporation is an employer or an employee entitled to invoke the anti-discrimination laws, we examine six factors:  "(1) whether the organization can hire or fire the individual or set the rules and

---

[1]  The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

regulations of the individual's work; (2) whether and, if so, to what extent the organization supervises the individual's work; (3) whether the individual reports to someone higher in the organization; (4) whether and, if so, to what extent the individual is able to influence the organization; (5) whether the parties intended that the individual be an employee, as expressed in written agreements or contracts; [and] (6) whether the individual shares in the profits, losses, and liabilities of the organization." *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 449-50 (2003) (citation omitted). The touchstone of the inquiry is control, and the answer "depends on 'all of the incidents of the relationship . . . with no one factor being decisive.'" *Id.* at 449, 451 (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 324 (1992)).

On appeal, Kirleis submits that the District Court erred on every point of its *Clackamas* analysis. Kirleis urges us to recognize her supposed employee status by alleging that her position as a Class A Shareholder on the Board of Directors is a mere "rubber-stamp" function. She also claims that the Executive Committee – not the Board of Directors – sets hourly billable rates, makes compensation decisions, and sometimes forces shareholders to resign. Furthermore, Kirleis asserts that her work for the University of Pittsburgh Medical Center, DMC's largest client, is dictated by particular guidelines and closely supervised, a fact she believes demonstrates her status as an employee.

3

We cannot agree that Kirleis is a mere employee of DMC, and our review of the record supports the District Court's conclusion in this regard. As a Class A Shareholder-Director of DMC, Kirleis has the ability to participate in DMC's governance, the right not to be terminated without a 3/4 vote of the Board of Directors for cause, and the entitlement to a percentage of DMC's profits, losses, and liabilities. *See Solon v. Kaplan*, 398 F.3d 629, 633 (7th Cir. 2005) (termination only by 2/3 vote of general partners, access to financial information, participation in firm governance, and a share in profits and losses distinguished a partner from associates and rendered him an employer); *Schmidt v. Ottawa Med. Ctr., P.C.*, 322 F.3d 461, 467-68 (7th Cir. 2003) (a shareholder in a professional corporation who possesses the right to vote on matters put before the board and the opportunity to share in profits is an employer for the purposes of the anti-discrimination laws). For these and all of the other reasons set forth in the District Court's thorough opinion, we find that Kirleis is an employer at DMC as a matter of law. As an employer, Kirleis is precluded from bringing claims under the employment anti-discrimination laws. *Alexander v. Garden-Denver Co.*, 415 U.S. 36, 54 (1974). Accordingly, the District Court properly awarded summary judgment to DMC.

For the foregoing reasons, we will affirm the District Court's order granting summary judgment to DMC.

4